# Neurosurgical Assoc. PC v New York State Dept. of Fin. Servs.

### 2024 NY Slip Op 31024(U)

### March 27, 2024

### Supreme Court New York County

### Docket Number: Index No. 160178/2023

### Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**              PART                14

*Justice*

-------------------------------------------------------------------------------X

NEUROSURGICAL ASSOCIATES PC,

INDEX NO.            160178/2023

Petitioner,

MOTION DATE            N/A

- v -

MOTION SEQ. NO.            001

NEW YORK STATE DEPARTMENT OF
FINANCIAL SERVICES and ADRIENNE A. HARRIS
as SUPERINTENDENT of the NEW YORK STATE                **DECISION + ORDER ON**
DEPARTMENT OF FINANCIAL SERVICES,                        **MOTION**
                                Respondents.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for                    ARTICLE 78                    .

Respondents' cross-motion to dismiss the petition is granted.

**Background**

This proceeding arises out of a dispute resolution process under section 601 of the

Financial Services Law afforded to providers (like petitioner) relating to payment disputes

concerning emergency services or surprise medical bills. Essentially, when there is a dispute

between a provider and an insurance plan, that disagreement is handled by an independent

dispute resolution entity ("IDRE"). Petitioner observes that when this process was originally

established there were no time limitations put on providers seeking payments. Effective in April

2022, the relevant statute was amended to provide that "Disputes shall be submitted to an

independent dispute resolution entity within three years of the date the health care plan made the

original payment on the claim that is the subject of the dispute" (Financial Services Law § 601).

**160178/2023  NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF**            **Page 1 of 6**
**FINANCIAL SERVICES ET AL**
**Motion No.  001**

1 of 6

[* 1]

Petitioner insists that when it submitted claims concerning six different disputes in June 2022, it was told that these disputes were time barred as they were more than three years old. Petitioner complains that respondents improperly imposed a retroactive application of the 2022 amendment to the Financial Services Law. It claims that the legislation did not expressly indicate that it should be applied retroactively, that to do so violated the State Administrative Procedure Act ("SAPA") as respondents did not follow the appropriate rulemaking process, and that it violates fundamental notions of due process. Petitioner argues that there should be some sort of grace period to allow older claims to be adjudicated in the dispute resolution process instead of a sudden and drastic change in how these disputes are administered.

Respondents cross-move to dismiss on timeliness grounds. They point out that petitioner docketed the six disputes in question in June 2022 and that the IDREs assigned to hear the disputes notified petitioner that they were all time barred in notices sent between June 26 and July 7, 2022. Respondents acknowledge that on June 27, 2022 (after three dismissal notices were sent), petitioner's counsel sent an email to respondents inquiring about the dismissal.

Respondents insisted that the "denials are appropriate" and that "There is no language in the law that states it is prospective only" (NYSCEF Doc. No. 3 at 3). They acknowledge that at the end of the email chain, respondents offered to take a look at any language upon which petitioner might be relying, but argue that petitioner never followed up. Respondents also insist that petitioner never contacted them about the additional dismissal notices sent on June 28, June 29 and July 7, 2022.

They observe that petitioner then commenced a special proceeding in August 2022 to vacate the IDRE dismissals. The judge assigned to that proceeding dismissed the case based on the failure to name respondents as a necessary party. Respondents observe that although

**160178/2023   NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES ET AL**
**Motion No.  001**

**Page 2 of 6**

2 of 6

petitioners filed a notice of appeal, petitioner's counsel did not perfect that appeal. Instead, rather than appeal, petitioner sent a letter in June 2023 requesting respondents' position on the retroactivity issue. Respondents conclude that this entire proceeding is time barred as petitioner did not bring it within four months of the June and July 2022 determinations dismissing their claims.

In opposition to the cross-motion, petitioner argues that its claims are timely because the emails from respondents in June 2022 do not constitute a final and binding decision. It maintains that the invitation to petitioner to send additional language was not a clear or definitive determination that started the accrual of the limitations period. It insists that the limitations period began when it sent a letter to respondents on June 23, 2023 asking about their position on the retroactive application of the subject statute. Petitioner argues that its SAPA claims are also timely under this same theory.

In reply, respondents observe that petitioner commenced a proceeding in 2022 in which it made numerous representations that respondents had reached a definitive position about the retroactivity issue. They emphasize that petitioner did not respond to respondents' offer for additional comment in the June 2022 email conversation. Respondents contend that petitioner cannot manufacture a new accrual date for the limitations period by sending a letter a year after the 2022 dismissals of its claims.

**Discussion**

The Court finds that the instant proceeding is time-barred. Petitioner does not dispute that it attempted to seek review of 6 claims before IDREs in June 2022 and that each of these claims were dismissed (NYSCEF Doc. No. 1 [dismissal letters]). Each of these letters explicitly noted that petitioner's claims were rejected because of the three-year limitations period (*id*.). To

**160178/2023   NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES ET AL**
**Motion No.  001**

**Page 3 of 6**

3 of 6

[* 3]

be sure, these letters were from the IDREs themselves. But they evidenced a clear indication concerning the precise nature of respondents' position—namely, that the 2022 legislation had retroactive effect.

Moreover, the email chain from June 2022 makes respondents' position quite obvious. Respondents insisted that the dismissals were correct (NYSCEF Doc. No. 3 at 3). Petitioner's assertion that respondents' invitation for the submission of "additional language" concerning the retroactivity issue somehow created confusion is without merit. Petitioner does not contend that it quickly followed up; instead, the timeline on this record shows that petitioner received *three more* claim dismissals following this email exchange and did not question respondents about them. Any rational reading of the dismissals and the email communications yields the conclusion that petitioner was well aware that respondents viewed the 2022 legislation to have retroactive effect. In other words, when all of petitioner's claims were dismissed and respondents declined to change its clearly held position, petitioner had sufficient notice of a final and binding determination.

Moreover, petitioner's own positions in the 2022 special proceeding it commenced confirms that petitioner viewed the IDRE dismissals as final and binding. Petitioner commenced an Article 75 petition in August 2022 to challenge those dismissals and observed that it was challenging "determinations" (NYSCEF Doc. No. 21, ¶ 4 [verified petition in special proceeding). In fact, petitioner's memorandum of law in support of the petition argues that "both the IDR Entities and the New York State Department of Financial Services interpreted the newly enacted SOL to be retroactive and therefore dismissed the instant six IDR arbitrations" (NYSCEF Doc. No. 22 at 2).

**160178/2023   NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES ET AL**
**Motion No.  001**

**Page 4 of 6**

4 of 6

[* 4]

Petitioner also admits that "When [petitioner's] counsel argued that the SOL should have been applied prospectively, the DFS 'Consumer Assistance Unit' took the position that the Budget's three-year SOL applied immediately and retroactively upon passage" (*id*. at 4).

Simply put, petitioner cannot claim that it had no idea about respondents' definitive position concerning retroactivity when it made contrary affirmative representations in a prior proceeding. The Court observes that the verified petition is from August 2022 and the memorandum of law is from July 2022, which makes the instant proceeding (commenced in October 2023) time barred.

Petitioner's letter sent in June 2023 (NYSCEF Doc. No. 4) does not restart the limitations period. In 2022, petitioner knew full well that respondents viewed the 2022 legislation to have retroactive effect; as respondents correctly argued, petitioner cannot "manufacture" a new accrual date for the statute of limitations by sending this letter.

Having found that the Article 78 claims are time barred, the Court must consider whether the remaining requests for relief are also time barred. The Court finds that because the SAPA claims allege, essentially, that respondents' retroactivity position was made "in violation of lawful procedure," it is subject to the same four-month limitations period applicable to Article 78 proceedings (*Carr v New York State Div. of Hous. and Community Renewal*, 217 AD3d 442, 444, 188 NYS3d 503(Mem) [1st Dept 2023] [finding that petitioners' argument that an agency did not follow SAPA was time barred as it was not brought within four months]).

As respondents point out, petitioner's position that the SAPA violation claim is timely would grant it an indefinite statute of limitations. Petitioner could simply assert that an agency action is an improperly promulgated rule regardless of when this action was taken. Here,

**160178/2023   NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES ET AL**
**Motion No.  001**

**Page 5 of 6**

5 of 6

petitioner clearly knew about respondents' position (and plead as much) a year prior to bringing this petition.

The Court also finds that petitioner's remaining claims relating to declaratory relief and alleged due process violations are also time bared because they "are cognizable under CPLR article 78" (*Ugo-Alum v New York State Dept. of Motor Vehicles, 211 AD3d 500, 501* [1st Dept 2022], *lv to appeal denied*, 39 NY3d 912 [2023]).

Accordingly, it is hereby

ADJUDGED that respondents' cross-motion to dismiss is granted, the petition is dismissed and the Clerk is directed to enter judgment accordingly along with costs and disbursements to respondents upon presentation of proper papers therefor.

| 3/27/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160178/2023   NEUROSURGICAL ASSOCIATES PC vs. NEW YORK STATE DEPARTMENT OF FINANCIAL SERVICES ET AL**
**Motion No.  001**

**Page 6 of 6**

6 of 6

[* 6]